IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL S. OWL FEATHER-GORBEY § <br> (BOP Register No. 33405-013), § <br> § <br> Plaintiff, § <br> § <br> V. § <br> § <br> FEDERAL BUREAU OF PRISONS, § <br> ET AL., § <br> § <br> Defendants. § | | No. 3:19-cv-885-K-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

Michael S. Owl Feather-Gorbey ("Gorbey"), a federal prisoner in custody at FCI Cumberland, in the District of Maryland, returns to this Court by filing *pro se* a Pre-Bivens/Federal Tort Claim, Motion for "Emergency" Temporary Restraining Order (TRO) or Preliminary Injunction [Dkt. No. 3]. Gorbey also moves for leave to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 4. His action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ed Kinkeade. The undersigned enters these findings of fact, conclusions of law, and recommendation that, for the reasons explained below, the Court should summarily dismiss this action with prejudice.

**Applicable Background**

As the undersigned set out in Gorbey's previous appearance in this district,

> Gorbey, whether proceeding under his current moniker or as "Michael S. Gorbey" or "Michael Steven Owlfeather," is no stranger to the federal

courts. *See, e.g., Gorbey v. Obama*, No. 7:16-cv-00455, 2016 WL 7157989 (W.D. Va. Dec. 6, 2016) (admonishing Gorbey that "[p]risoners do not have an absolute and unconditional right of access to the courts in order to prosecute frivolous, malicious, abusive, or vexatious motions or actions"; warning him "that continuing to file frivolous, malicious, abusive, or vexatious filings may result in the imposition of a pre-filing injunction"; and noting that Gorbey has filed at least "twenty-five cases that qualify as strikes under 28 U.S.C. § 1915(g)" (as to the last point citing *Gorbey v. Fed. Bureau of Alcohol, Tobacco, Firearms. & Explosives, et al.*, No. 5:11-cv-00126, slip op. at 5-10 (N.D. W. Va. Mar. 14, 2012))).

*Owl Feather-Gorbey v. Adm'r F. BOP Grand Prairie*, No. 3:17-cv-26-L-BN, 2017 WL 8727979, at *1 (N.D. Tex. Feb. 9, 2017), *rec. accepted*, 2018 WL 1609751 (N.D. Tex. Apr. 3, 2018).

A cursory review of cases that Gorbey has filed since this decision reveals that his filings have continued.

It seems that Gorbey has again filed in this district because the Bureau of Prisons's Designation and Sentence Computation Center is located in Grand Prairie, Texas. And, similar to claims made in his previous suit in this district, Gorbey currently seeks to enjoin the BOP from transferring him to another facility, "especially ... to any high level facility pending exhaustion of administrative remedies and should any such transfer be already in place or already complete an injunction or retraining order to have Gorbey (immediately) sent back to F.C.I. Cumberland pending exhaustion of any and all administrative remedies already in progress." Dkt. No. 3 at 8. He further requests "an injunction or restraining order to have staff to stop holding me in SHU without any pending disciplinary action at FCI Cumberland"; a hearing; and "compensation for any & all damages." *Id.*

**Legal Standards and Analysis**

I.    <u>Nature of Relief</u>

As the United States Court of Appeals for the Fifth Circuit put the question in an action brought by a state prisoner,

> [b]oth 28 U.S.C. § 2254 and 42 U.S.C. § 1983 offer relief to those improperly confined by the government. Which statutory vehicle to use depends on the nature of the claim and the type of relief requested, the instructive principle being that challenges to the fact or duration of confinement are properly brought under habeas, while challenges to the conditions of confinement are properly brought under § 1983.

*Poree v. Collins*, 866 F.3d 235, 243 (5th Cir. 2017) (footnotes omitted).

Gorbey neither challenges the fact nor duration of his confinement. He instead challenges the performance of the federal agency responsible for confining him by requesting that the Court prevent that agency from changing his place of confinement. "[A] request by a federal prisoner [regarding] a change in the place of confinement is properly construed as a challenge to the conditions of confinement and, thus, must be brought pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971)." *United States v. Garcia*, 470 F.3d 1001, 1003 (10th Cir. 2006).

And, to the extent that this conclusion too narrowly defines the relief habeas affords, *see Poree*, 866 F.3d at 243-44 ("While 'fact or duration' claims must be brought under habeas, the Supreme Court has not foreclosed the use of habeas for other kinds of claims. Some circuit courts, however, have limited habeas corpus to claims that challenge the fact or duration of confinement. Others have not. Our own Circuit has

been less clear, but we need not weigh in on that broader question today." (footnotes omitted)), the Court would lack jurisdiction to consider Gorbey's claims under the rubric of habeas relief since the BOP defendants in this district named in his suit do not have custody of Gorbey.

A Section 2241 habeas action "must be filed in the same district where the prisoner is incarcerated." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted). This is because "[d]istrict courts are limited to granting habeas relief 'within their respective jurisdictions.' 28 U.S.C. § 2241(a)" – language that the United States Supreme Court has "interpreted ... to require 'nothing more than that the court issuing the writ have jurisdiction over the custodian.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (quoting *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 495 (1973)).

The undersigned will therefore construe this as a civil rights action brought under *Bivens*. That construction is also consistent with Gorbey's request for monetary damages.

II.  28 U.S.C. § 1915(g)

A prisoner may not proceed IFP in a *Bivens* action if, while incarcerated or detained in any facility, he or she has filed three or more civil actions or appeals in federal court that were dismissed as frivolous or malicious or for failure to state a claim. *See* 28 U.S.C. § 1915(g).

As set out above, Gorbey became subject to the three-strikes bar long ago.

The only exception to Section 1915(g)'s "three strikes" bar is when the prisoner is "under imminent danger of serious physical injury." *Id.* But, in order to meet the

"imminent danger" requirement, "the 'threat or prison condition [must be] real and proximate.'" *Valdez v. Bush,* No. 3:08-cv-1481-N, 2008 WL 4710808, at *1 (N.D. Tex. Oct. 24, 2008) (quoting *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003)). "Allegations of past harm do not suffice – the harm must be imminent or occurring at the time the complaint is filed." *Id.*; *see also McGrew v. La. State Penitentiary Mental Health Dep't,* 459 F. App'x 370, 370 (5th Cir. 2012) (per curiam) ("The determination whether a prisoner is under 'imminent danger' must be made at the time the prisoner seeks to file his suit in district court, when he files his notice of appeal, or when he moves for IFP status." (citing *Baños v. O'Guin,* 144 F.3d 883, 884-85 (5th Cir. 1998))).

"Moreover, the prisoner must allege specific facts showing that he is under imminent danger of serious physical injury." *Valdez,* 2008 WL 4710808, at *1. "General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)." *Id.* (quoting *Niebla v. Walton Corr. Inst.,* No. 3:06-cv-275-LAC-EMT, 2006 WL 2051307, at *2 (N.D. Fla. July 20, 2006)); *see Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003) (a "general assertion is insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury"); *see also Stone v. Jones,* 459 F. App'x 442, 2012 WL 278658, at *1 (5th Cir. Jan. 31, 2012) (per curiam) (noting that use of "the past tense when describing" symptoms is not sufficient to allege imminent danger and that such an allegation based on inadequate medical care should be corroborated by medical records or grievances).

Even if the Court accepts Gorbey's imminent-danger allegations related to his confinement at FCI Cumberland, *see generally* Dkt. No. 3, "the complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts, in order for the litigant to qualify for the 'imminent danger' exception of § 1915(g)," *Pettus v. Morgenthau*, 554 F.3d 293, 297-98 (2d Cir. 2009). That is, Gorbey cannot assert that his safety is threatened based on conditions at FCI Cumberland – claims that could be addressed by BOP officials there – to bring a lawsuit against BOP classification officials in Grand Prairie.

As this Court has observed in a similar context,

> none of the claims that [Plaintiff] is under imminent danger of serious physical injury is directly attributable to the conduct of the Defendants in this matter or can be immediately redressed by this lawsuit. The Defendants in the Northern District of Texas are employees of the Bureau of Prisons central administrative office responsible for inmate placement. Unlike, for example, at least certain personnel at [the BOP facility at which Plaintiff is incarcerated], the Defendants do not have direct control over Plaintiff's safety at [his] unit.

*Stine v. Fed. Bureau of Prisons Designation & Sentence Computation Unit*, No. 3:13-cv-4253-B, 2013 WL 6640391, at *2 (N.D. Tex. Dec. 17, 2013), *aff'd*, 571 F. App'x 352, 354 (5th Cir. 2014) (per curiam) ("Stine has also failed to plausibly plead any connection between the alleged imminent danger in Colorado and his claims against the BOP defendants in Texas, because they have no control of conditions at [his BOP facility] and because Stine has no right to be assigned to any particular prison." (citing *Olim v. Wakinekona*, 461 U.S. 238, 245-46 (1983); *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976))); *see also Clay v. Doctor Zae Young Zeon*, No. H-14-0057, 2014 WL 204241, at

\*1 (S.D. Tex. Jan. 17, 2014) ("The court will ... determine whether Clay is in imminent danger of serious physical harm attributable to acts or omissions by custodial officials and whether the danger is attributable to the facts alleged in the complaint." (citing *Pettus*, 554 F.3d at 297-98)).

The Court should therefore bar Gorbey from proceeding IFP. *See Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996).

III.  Injunctive Relief

Even if Gorbey is able to pay the statutory filing fee to pursue this action, he is not entitled to relief he seeks. As stated above, it is well established that "[a] prisoner does not possess a constitutional right to be placed, or not to be placed, in a particular prison facility." *Avila Pena v. Pugh*, No. CV306-057, 2006 WL 2444084, at \*2 n.6 (S.D. Ga. Aug. 22, 2006) (citing *McKune v. Lile*, 536 U.S. 24, 39 (2002); *Meachum*, 427 U.S. at 225); *see also Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996) ("A prisoner has no constitutionally protected interest in a particular facility ...." (citing *Olim*, 461 U.S. at 244-45)).

Indeed, a federal district court lacks "the authority to order incarceration at any particular facility as the Bureau of Prisons is solely responsible for that decision." *United States v. Riley*, 84 F. App'x 717, 2003 WL 23101850, at \*1 (3d Cir. Dec. 30, 2003) (per curiam) (citing 18 U.S.C. § 3621). Section 3621 in pertinent part provides:

> The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the

> judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering [enumerated statutory factors].

*Id.* § 3621(b); *see also Waters v. United States*, 331 F. App'x 278, 280 (5th Cir. 2009) (per curiam) ("The district court correctly determined that Waters' claim that the BOP lacked discretion to determine that he would serve all, or part of, his federal sentence in the Louisiana state prison system did not implicate a constitutionally protected right." (citing *Olim*, 461 U.S. at 246-47)); *Sanchez v. Fed. Bureau of Prisons*, No. 3:05-cv-2376-K, 2005 WL 3555465, at *2 (N.D. Tex. Dec. 19, 2005) ("Plaintiff's claims that Defendants should be enjoined from transferring him to another facility are without merit. Under 18 U.S.C. § 3621(b), the BOP may direct confinement of a prisoner in any available facility and may transfer a prisoner from one facility to another at any time. Federal prisoners generally have no constitutional right to placement in a particular penal institution." (citations omitted)), *rec. adopted*, 2005 WL 3560624 (N.D. Tex. Dec. 27, 2005).

And, to the extent that Gorbey seeks preliminary injunctive relief, "[t]o obtain a temporary restraining order, an applicant must show entitlement to a preliminary injunction," and "[t]he same four-factor test for preliminary injunctions also has been extended to temporary restraining orders," because "[a] TRO is simply a highly accelerated and temporary form of preliminary injunctive relief," *Horner v. Am. Airlines, Inc.*, No. 3:17-cv-665-D, 2017 WL 978100, at *1 (N.D. Tex. Mar. 13, 2017) (citations and internal quotation marks omitted). To obtain either, Gorbey must "show (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat

that he will suffer irreparable injury if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest." *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252-53 (5th Cir. 2009) (internal quotation marks omitted); *accord Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974).

"As a threshold matter, the Court may not issue a TRO in this case because (a) [Gorbey] has not sworn to specific facts in an affidavit or a verified complaint that clearly show that immediate and irreparable injury, loss or damage will result to him before the [BOP] can be heard in opposition, and (b) [he] has not certified in writing any efforts made to give notice of the filing of the request for a TRO to the [BOP] and the reasons why such notice should not be required." *Ray v. La. Dep't of Public Safety & Corrs.*, Civ. A. No. 16-810, 2016 WL 5875947, at *2 (W.D. La. Oct. 7, 2016) (citing FED. R. CIV. P. 65(b)(1)).

Nevertheless – and to the extent that he seeks a preliminary injunction – Gorbey fails as to the first, substantial-likelihood element for the reasons explained above.

### Recommendation

The Court should summarily dismiss this action with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 15, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE